FILED

Aug 03 2017, 6:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANTS

H. Curtis Johnson
Brown, DePrez & Johnson, P.A.
Shelbyville, Indiana

ATTORNEYS FOR APPELLEE
TOM RAPER, INC.

John R. Maley
Todd A. Dixon
Barnes & Thornburg LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
CLARKE POWER SERVICES, INC.

Anthony J. Hornbach
Thompson Hine LLP
Cincinnati, Ohio

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ardis W. Tucker, Sr. and Sandra D. Tucker,<br><br>*Appellants-Plaintiffs,*<br><br>v.<br><br>Tom Raper, Inc. and Clarke Power Services, Inc.,<br><br>*Appellees-Defendants.* | August 3, 2017<br><br>Court of Appeals Case No. 89A01-1702-CC-463<br><br>Appeal from the Wayne Circuit Court<br><br>The Honorable David A. Kolger, Judge<br><br>Trial Court Cause No. 89C01-1606-CC-310 |

**Robb, Judge.**

# Case Summary and Issue

[1] Ardis and Sandra Tucker (the "Tuckers") filed a complaint alleging breach of contract against Tom Raper, Inc. and Clarke Power Services, Inc. for failure to repair their damaged recreational vehicle ("RV"). The Tuckers' complaint alleged they were third-party beneficiaries of two separate contracts: one between their RV's insurer, American Family Insurance, and Raper; and one between American Family or Raper and Clarke. Thereafter, Raper and Clarke filed motions to dismiss alleging, among other things, that because the Tuckers asserted they were third-party beneficiaries, their status as such must be founded on a written contract; and because they failed to attach a written contract to their complaint as required by Indiana Rule of Trial Procedure 9.2(A), dismissal of their complaint was required. The trial court agreed and dismissed the Tuckers' complaint following their failure to remedy the alleged defect. The Tuckers now appeal, raising three issues for our review, one of which we find dispositive: whether the trial court erred in dismissing their complaint for failing to comply with Indiana Rule of Trial Procedure 9.2(A). Concluding the trial court erred in dismissing the Tuckers' complaint, we reverse and remand for further proceedings.

# Facts and Procedural History

[2] The Tuckers complaint for damages alleges the following facts. The Tuckers owned an RV which they insured through American Family. On August 26,

2012, their RV was struck by lightning and damaged. The Tuckers reported the damage to American Family.

[3] In March of 2013, American Family contacted Raper to discuss repairs to the RV and arrangements were made to have the RV delivered to Raper's facility. After inspecting the damage, Raper submitted a repair estimate to American Family, which accepted the offer.

[4] In the fall of 2013, because the RV also sustained transmission damage, Raper delivered the RV to Clarke. Clarke also submitted a repair estimate to American Family. American Family also accepted Clarke's offer to repair the transmission.

[5] In early 2014, the RV was damaged in a vehicle collision while under Clarke's care and control. Raper agreed to repair this damage and attempted to do so once Clarke returned the RV. Shortly thereafter, Raper advised American Family and the Tuckers that the repairs to the RV were complete. However, when the Tuckers attempted to drive the RV, they found electrical issues still persisted and returned the RV to Raper's facility. Raper later advised the Tuckers the batteries of the RV had been hooked up backwards, causing further damage to the electrical system, which Raper agreed to fix. In July of 2015, Raper had yet to repair the electrical issues with the RV causing American Family to declare the RV a total loss due to the damage it sustained.

[6] On June 10, 2016, the Tuckers filed their complaint against Raper and Clarke. The Tuckers alleged they were third-party beneficiaries of a contract between

American Family and Raper, and that Raper breached the contract by failing to repair the RV. The Tuckers also alleged gross negligence against Raper. As to Clarke, the Tuckers alleged they were third-party beneficiaries of a contract between American Family and Clarke, and that Clarke breached that contract.

[7] On July 8, 2016, Clarke filed its motion to dismiss and the trial court set the matter for hearing on September 13, 2016. On August 8, 2016, Raper filed its motion to dismiss. In their motions to dismiss, both Raper and Clarke asserted the Tuckers' alleged status as third-party beneficiaries must be founded on a written contract. And because the Tuckers failed to attach a written contract with their complaint, Raper and Clarke alleged the Tuckers failed to comply with Indiana Rule of Trial Procedure 9.2(A).

[8] Following a hearing on the matter, the trial court issued its order directing the Tuckers to comply with Indiana Rule of Trial Procedure 9.2(A). The trial court stated,

> It is therefore ordered that [the Tuckers] shall amend their Complaint previously filed in this cause to comply with Trial Rule 9.2. More specifically, [the Tuckers] shall amend such Complaint to include a copy of the alleged contract upon which they base their claims against the Defendants named in this cause . . . .
>
> In the event [the Tuckers] cannot so amend their Complaint as Ordered herein, Defendants' Motions to Dismiss will be granted by the Court without the benefit of further hearing.

Appellants' Appendix, Volume 2 at 68.

On November 23, 2016, the Tuckers filed an amended complaint adding counts of bailment, breach of contract by agency, and conversion, but did not attach a written contract as ordered by the trial court. On December 7, 2016, the trial court issued its order dismissing the Tuckers' lawsuit. On January 6, 2017, the Tuckers filed a motion to correct error, which the trial court denied. The Tuckers now appeal.

# Discussion and Decision

## I. Standard of Review

The Tuckers challenge the trial court's dismissal of their complaint and the denial of their motion to correct error. Generally, we review a trial court's ruling on a motion to correct error for an abuse of discretion. *Ind. Bureau of Motor Vehicles v. Watson*, 70 N.E.3d 380, 384 (Ind. Ct. App. 2017). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.* However, where the issues raised in the motion are questions of law, the standard of review is de novo. *Id.* The Tuckers' motion to correct error asserted the trial court erred in determining a written contract was necessary to support the claim they were third-party beneficiaries and that they

failed to satisfy Indiana Rule of Trial Procedure 9.2(A). As this is a question of law, our standard of review is de novo.[1]

## II. Third-Party Beneficiary

[11] Raper and Clarke, in their motions to dismiss and briefs on appeal, attack the Tuckers' allegation they are third-party beneficiaries of contracts between American Family and Raper, and American Family or Raper and Clarke. Specifically, both parties fault the Tuckers for failing to include a written contract with their complaint; a condition Raper and Clarke assert is necessary to establish third-party beneficiary status and to satisfy Indiana Rule of Trial Procedure 9.2(A).[2] The trial court, agreeing with both Raper and Clarke, ordered the Tuckers to produce a written contract or face dismissal of their lawsuit. *See* Appellants' App., Vol. 2 at 68. Following the Tuckers' failure to attach a written contact to their amended complaint, the trial court dismissed their lawsuit.

[12] Both Raper and Clarke assert "a third-party beneficiary claim requires a *written contract* with a specific provision conferring third-party beneficiary rights to the [Tuckers]." Brief of Appellee Tom Raper, Inc. at 15; *see also* Appellate Brief of

---

[1] Likewise, we review de novo the trial court's grant or denial a motion to dismiss pursuant to Indiana Rule of Trial Procedure 12(B)(6). *Snyder v. Town of Yorktown*, 20 N.E.3d 545, 550 (Ind. Ct. App. 2014), *trans. denied*. When evaluating the trial court's grant or denial of a Trial Rule 12(B)(6) motion, we accept as true the facts alleged in the complaint, and only consider the pleadings in the light most favorable to the plaintiff, drawing every reasonable inference in favor of the non-moving party. *Id.*

[2] Indiana Rule of Trial Procedure 9.2(A) states, "When any pleading allowed by these rules is founded on a written instrument, the original, or a copy thereof, must be included in or filed with the pleading."

Appellee Clarke Power Services, Inc. at 13. To support their argument, both parties cite to language from our supreme court discussing the circumstances in which a third-party beneficiary may sue to enforce a contract. Our supreme court has stated,

> To be enforceable, it must clearly appear that it was the purpose or a purpose of the contract to impose an obligation on one of the contracting parties in favor of the third party. It is not enough that performance of the contract would be of benefit to the third party. It must appear that it was the intention of one of the parties to require performance of some part of it in favor of such third party and for his benefit, and that the other party to the agreement intended to assume the obligation thus imposed. The intent of the contracting parties to bestow rights upon a third party *must affirmatively appear from the language of the instrument* when properly interpreted and construed.

*Cain v. Griffin*, 849 N.E.2d 507, 514 (Ind. 2006) (emphasis added) (quoting *OEC-Diasonics, Inc. v. Major*, 674 N.E.2d 1312, 1315 (Ind. 1996)). Raper and Clarke assert this language mandates a written contract to bestow rights upon a third party. We disagree.

[13]   The language from *Cain* cited by Raper and Clarke directs a court, where there is a written contract, to focus on the parties' intent and whether the contract manifests a clear intent to impose an obligation on a contracting party for the benefit of a third party. And when a court is called upon to interpret or construe a written contract to determine the parties' intent (as was our supreme court's task in *Cain*), the intent to benefit a third party must be clear from the language of that contract. But nothing from *Cain* or this language, or other

authorities cited by Raper or Clarke, forecloses the possibility that two or more parties may orally contract with the intent to benefit a third party. It is a well-established legal principle a contract may be oral as well as written. *DiMaggio v. Rosario*, 52 N.E.3d 896, 905 (Ind. Ct. App. 2016), *trans. denied*.

[14] In *F.W. Hempel & Co., Inc. v. Metal World, Inc.*, 721 F.2d 610 (7th Cir. 1983), Hempel, a business engaged in buying and selling metal commodities, entered into a written contract to purchase "Technical Grade Molybdic Oxide" ("TGMO") from Metal World. This agreement conditioned payment by Hempel upon receipt of a certificate of approval from Ledoux and Company, a business engaged in sampling, analyzing, and reporting on its analysis of metal commodities on behalf of buyers and sellers. Thereafter, Ledoux entered into an oral contract with Metal World to sample, analyze, and report on certain materials from Metal World. Ledoux sampled the material and issued its certificate of approval. In reliance upon Ledoux's testing, Hempel took delivery of the material and paid Metal World. Hempel then delivered its purchase to another buyer, who rejected the shipment alleging the material was not TGMO.

[15] Hempel sued Ledoux and Metal World claiming it was a third-party beneficiary of the oral agreement between Metal World and Ledoux. *Id.* at 612. A jury found for Hempel, but the verdict was overturned when the district court granted Ledoux's motion for judgment notwithstanding the verdict. *Id.* at 612-13. On appeal, the Seventh Circuit Court of Appeals noted the general rule in Illinois that "if a contract be entered into for a direct benefit of a third person

not a party thereto, such third party may sue for breach thereof. The test is whether the benefit to the third person is direct to him arising from the contract." *Id.* at 613. The Court further noted,

> [T]he right of a third party benefited by a contract to sue thereon rests upon the liability of the promisor, and this liability must affirmatively appear from the language of the instrument when properly interpreted and construed. The liability so appearing cannot be extended or enlarged on the ground alone that the situation and circumstances of the parties justify or demand further or other liability.

*Id.* (citing *Carson Pirie Scott & Co. v. Parrett*, 346 Ill. 252, 258, 178 N.E. 498, 501 (1931). Although the court ultimately ruled against Hempel, the court reviewed the oral contract to determine whether Hempel was a third-party beneficiary. *Id.* at 614.[3]

[16] The Tuckers' complaint alleged they were third-party beneficiaries of two separate contracts but did not specifically plead the existence of a written contract and their allegations can reasonably be construed as based on oral contracts. Further, as noted above, third-party beneficiary status is not solely dependent upon a written contact. Therefore, we conclude the trial court erred

---

[3] Although the Seventh Circuit applied Illinois law, Illinois law regarding third-party beneficiaries is similar to our own. Indeed, our supreme court borrowed the phrase "affirmatively appear from the language of the instrument" from *Carson Pirie Scott*. *See Freigy v. Gargaro Co.*, 223 Ind. 342, 349, 60 N.E.2d 288, 291 (1945) (noting *Carson Pirie Scott* stated the "more accurate" rule). Further, the cases to which Raper and Clarke cite in support of their arguments specifically involve written contracts. *See, e.g., Anton Realty, LLC v. Fifth Third Bank,* No. 1:15-cv-00199-RLY-TAB, 2015 WL 8675188, at *4-5 (S.D. Ind. Dec. 11 2015); *Cain,* 849 N.E.2d at 508-09; *City of Indianapolis v. Kahlo*, 938 N.E.2d 734, 738-39 (Ind. Ct. App. 2010), *trans. denied*.

in dismissing the Tuckers' complaint for failure to comply with Indiana Rule of Trial Procedure 9.2(A).[4]

# Conclusion

We conclude the trial court erred in dismissing the Tuckers' complaint for failure to comply with Indiana Rule of Trial Procedure 9.2(A). Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.

Vaidik, C.J., and Bailey, J., concur.

---

[4] The parties also dispute whether the additional claims in the Tuckers' amended complaint sufficiently state a claim for which relief can be granted under Indiana law. However, the record is clear the trial court dismissed the Tuckers' complaint for failure to comply with its order directing the Tuckers to satisfy Trial Rule 9.2(A). The trial court did not address or consider the merits of the new allegations in the amended complaint and we do not address them on this appeal. In addition, Raper's request for attorney's fees pursuant to Indiana Rule of Appellate Procedure 66(E) is denied.